<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASSEM A. ABULKHAIR, | ) | Civil Action No.: 11-3372 (JLL) |
| Plaintiff, | ) ) ) | **OPINION** |
| v. | ) ) |  |
| NED M. ROSENBERG | ) ) |  |
| Defendant. | ) ) |  |

**LINARES**, District Judge.

Plaintiff Assem Abulkhair seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. After reviewing his affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis* status pursuant to 28 U.S.C. § 1915. The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.

**I.   BACKGROUND**

On March 6, 2008, Plaintiff Abulkhair filed a libel action against his former counsel and law firm for defamation. (Compl. ¶ 5.) Defendant Judge Ned M. Rosenberg was assigned to the case and he dismissed the claim. (Compl. ¶ 6.) The Appellate Division affirmed the dismissal, which was reported in the New Jersey Law Journal on April 6, 2009. (Compl. ¶ 7.) On April 1, 2010, Plaintiff sued the New Jersey Law Journal and the attorneys involved in the reported case

claiming that the New Jersey Law Journal article constituted defamation. (Compl. ¶ 8.) Judge Rosenberg was assigned to the case and Plaintiff filed a formal recusal motion on July 1, 2010 on the grounds that Judge Rosenberg could potentially be called as a witness in the proceedings. (Compl. ¶¶ 9, 16.) On July 9, 2010 Judge Rosenberg denied Plaintiff Abulkhair's request for recusal and dismissed Plaintiff's complaints. (Compl. ¶ 17.) Plaintiff appealed the dismissal separately. Id. Plaintiff now brings suit against Judge Rosenberg seeking damages of not less than $5,100,000. (Compl. ¶ 75, 82.)

## II.   LEGAL STANDARD AND DISCUSSION

Judges are "absolutely immunized from a suit for money damages arising from their judicial acts." Brookhart v. Rohr, 385 Fed. Appx. 67, 70 (3d Cir. 2010) citing Mireles v. Waco, 502 U.S. 9 (1991). Absolute judicial immunity applies even if the judge acted maliciously, Stump v. Sparkman, 435 U.S. 349, 356 (1978), or if the judge committed "grave procedural errors." Id. at 359. A judge will be subject to liability only if he acted in the "clear absence of all jurisdiction." Id. at 356-57 (citation omitted).

Plaintiff's first, second and fourth claims – color of state law violation, violation of the Civil Rights Act, and violation of due process, respectively – are brought under 42. U.S.C. § 1983 and they all fail for lack of subject-matter jurisdiction. Plaintiff asserts that this Court has federal question jurisdiction over this matter as he brings a 42 U.S.C. § 1983 claim against Defendant Rosenberg, a New Jersey Superior Court Judge. Plaintiff claims that Defendant Rosenberg's failure to recuse himself from the underlying case in which Plaintiff was a party prejudiced Plaintiff's constitutional rights. In his complaint, Plaintiff repeatedly emphasizes that Defendant Rosenberg's actions were taken "under color of statute, regulation, custom or usage of the State of New Jersey within the meaning of 42 U.S.C. § 1983." (Compl. ¶ 40.) As noted

above, a judge will only be liable to a suit for money damages arising from his judicial acts if the judge acted in "clear absence of all jurisdiction." <u>Stump</u>, 435 U.S. at 356-57.  Judge Rosenberg heard the underlying case in a New Jersey Superior Court, which is a court of general jurisdiction.  Plaintiff offers no evidence that Judge Rosenberg acted in clear absence of all jurisdiction when he denied the motion for recusal and dismissed Plaintiff's claims.  Indeed, none of Judge Rosenberg's actions at issue in the complaint were taken outside of his judicial capacity as a judge of the New Jersey Superior Court.  Furthermore, <u>Redmond v. Manfredi</u>, No. 10-3464, 2011 WL 802628, at *1 (3d Cir. Mar. 9, 2011) notes that "It is a well-established principle that judges are absolutely immune from suits for damages under § 1983 when they act in a judicial capacity."  Thus, Plaintiff is barred from bringing a § 1983 suit against Defendant Rosenberg and the first, second and fourth claims are dismissed.

   Plaintiff's third claim against Defendant Rosenberg is brought pursuant to New Jersey Rule 1:12, which provides, *inter alia*, that a Judge should recuse him or herself where there is any reason which might preclude an unbiased hearing and judgment.  Plaintiff alleges that because there was a possibility that Defendant Rosenberg could have been called as a witness in the underlying trial, it might have precluded an unbiased hearing and judgment.   As noted above, judges have absolute judicial immunity as long as they are not acting in clear absence of jurisdiction. <u>Stump</u>, 435 U.S. at 356-57.  Furthermore, a litigant may challenge judicial orders only by appeal, and not by suing the judge. <u>In re Thomas</u>, 508 F.3d 1225, 1227 (9th Cir. 2007), <u>cert. denied</u>, 128 S. Ct. 1654, 170 L. Ed. 2d 362 (U.S. 2008).  Therefore, this claim is also dismissed.

   For his fifth claim, Plaintiff brings a common law tort claim for negligent infliction of emotional distress.  However, this tort requires that the "Plaintiff have been in danger and

suffered some physical harm as a result of the emotional distress." McCauley v. University of the Virgin Islands, 618 F.3d 232, 251 n.3 (3d Cir. 2010). The New Jersey Supreme Court has held that where the "fright does not cause *substantial* bodily injury or sickness, it is to be regarded as too lacking in seriousness and too speculative to warrant the imposition of liability." Falzone v. Busch, 214 A.2d 12, 17 (1965) (emphasis in original); see also, Restatement (Second) Torts § 436A ("If the actor's conduct is negligent as creating an unreasonable risk of … emotional disturbance to another … without bodily harm or other compensable damage, the actors is not liable for such emotional disturbance.")  As the record is completely devoid of any facts indicating that Plaintiff sustained any injury or received medical attention for an injury or illness, Plaintiff has failed to establish this crucial element of his tort claim and therefore this claim is dismissed, notwithstanding the fact that his claim would be barred regardless under the holding of Stump.

Lastly, Plaintiff seeks punitive damages claiming Defendant Rosenberg's conduct was extreme and outrageous. (Compl. ¶ 90.)  Plaintiff presents no evidence that Defendant Rosenberg acted in reckless disregard of Plaintiff's federally protected rights and so punitive damages are inappropriate. Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978). Furthermore, Defendant Rosenberg's absolute judicial immunity extends to punitive damages, since judicial immunity is immunity from suit, not just immunity from damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).  Thus, Plaintiff's punitive damages claim is dismissed.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed in its entirety with prejudice.

4

DATED: August 5, 2011

                                                s/ Jose L. Linares_____
                                                JOSE L. LINARES, U.S.D.J.